IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| GREGORY T. REDMOND, | : | |
|---|---|---|
| Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| | : | |
| SEPTA, | : | |
| Defendant. | : | 09-5075 |
| | : | |

**Norma L. Shapiro, S.J.**                                                      **March 23, 2010**

## MEMORANDUM

Before the court is defendant's motion for a more definite statement or to dismiss Gregory T. Redmond's amended complaint under Federal Rule of Civil Procedure 12(b)(6). Plaintiff's *pro se* amended complaint appears to allege claims under the Americans with Disabilities Act of 1990 ("ADA"), Title VI of the Civil Rights Act of 1964, and the enabling legislation of the Federal Transit Administration.[1] This court has jurisdiction under 28 U.S.C. § 1331.

### I. BACKGROUND

We accept the following factual allegations as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

The Southeastern Pennsylvania Transportation Authority ("SEPTA") is a municipal authority of the Commonwealth of Pennsylvania that provides public

---

[1] FTA's enabling legislation includes the non-discriminatory use of Federal funds by recipients of FTA assistance, including their sub-recipients and contractors. FTA ensures non-discrimination through oversight of grantee implementation of required civil rights regulations and policy. Compliance reviews and assessments are conducted to determine if the grantee's required efforts under, *inter alia*, Title VI of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990 (ADA) are in compliance as represented to the FTA. *Federal Transit Administration - Civil Rights & Accessibility*, http://www.fta.dot.gov/civil_rights.html (last visited Mar. 18, 2010). Nevertheless, the FTA Act does not create a private right of action, and none can be implied. *Blue Bird Coach Lines, Inc. v. Linton*, 48 F. Supp. 2d 47, 49 (D.D.C. 1999); *see* 49 U.S.C. § 5332.

transportation services to the Philadelphia Metropolitan Area. SEPTA services are provided through its bus, trolley, subway, and regional railroad systems.

On February 20, 2009, plaintiff was at SEPTA's 69th Street Bus Terminal when he requested a SEPTA attendant "buzz" him through a gate so he could "complete his ride." Plaintiff requested to use the gate, rather than the turnstiles, because he had a big bag at his side and was recovering from a car accident. Plaintiff made the request three times; each time the attendant refused to permit him through the gate and instructed plaintiff to use the turnstiles. Plaintiff attempted to use the turnstile, but it caused him too much pain. Plaintiff then requested the assistance of a SEPTA police officer and, as a result, the attendant opened the gate for plaintiff.

Plaintiff asserts that defendant violated his right to use public transportation as protected by Title VI and the ADA. Plaintiff states that, as a result of the attendant's refusals, he suffered "massive pain" to his side and back, and his recovery from the previous car accident was "set back." Plaintiff seeks $800,000 in damages.

## II.     DISCUSSION

SEPTA moves to dismiss plaintiff's amended complaint for failure to state a claim for which relief can be granted, and asserts the affirmative defense of *res judicata*. For the reasons set out below, the motion will be granted and plaintiff's amended complaint dismissed with prejudice.

### A.     Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This court also must dismiss, at the earliest practicable time, *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The legal

standard for dismissing a complaint for failure to state a claim under Section 1915(e)(2)(B) is identical to the legal standard used when ruling on a Rule 12(b)(6) motion. *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Mr. Redmond initiated this action with a petition to proceed *in forma pauperis* and the amended complaint is subject to review under Section 1915(e)(2).

A complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads sufficient factual content to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S. Ct. at 1949. The plausibility standard is not a "probability requirement," but it does require more than a possibility that a defendant has acted unlawfully. *Id.*

In deciding a motion to dismiss, the court may consider the allegations in the complaint, exhibits attached to the complaint and matters of public record, including judicial proceedings. *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999). The court need not assume that the plaintiff can prove facts not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *cf.* Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice.").

## B. Protections for Those with Disabilities

Plaintiff claims that defendant's actions contravened the protections of Title VI of the Civil Rights Act of 1964 and the ADA.

Title VI prohibits discrimination on the basis of race, color, or national origin in programs and activities receiving Federal financial assistance.[2] Disability is not a protected characteristic under Title VI; however, Title VI is the model for subsequent statutes that prohibit discrimination on other grounds in federally assisted programs or activities, including Section 504 of the Rehabilitation Act. *See United States Dep't. of Transp. v. Paralyzed Veterans*, 477 U.S. 597, 600 n.4 (1986); *Consolidated Rail Corp. v. Darrone*, 465 U.S. 624 (1984) (Section 504 patterned after Titles VI and IX).

Section 504 of the Rehabilitation Act prohibits discrimination of the basis of disability by programs and activities receiving federal funds.[3] 29 U.S.C. § 794(a). Title II of the ADA "extends [S]ection 504's anti-discrimination principles to public entities" generally. *Helen L. v. DiDario*, 46 F.3d 325, 332 (3d Cir. 1995); 42 U.S.C. § 12132. Under the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42

---

[2] "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d.

[3] Section 504 of the Rehabilitation Act provides, in pertinent part, as follows:

> § 794. Nondiscrimination under Federal grants and programs
> (a) Promulgation of rules and regulations
>  No otherwise qualified individual with a disability in the United States,…, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794(a).

U.S.C. § 12132.  The substantive standards for determining liability under the two statutes are the same.  *McDonald v. Pennsylvania Dep't of Pub. Welfare, Polk Ctr.*, 62 F.3d 92, 95 (3d Cir. 1995).  We will construe plaintiff's amended complaint as asserting claims under the Rehabilitation Act and the ADA.

To state a claim under the ADA and the Rehabilitation Act, plaintiff must demonstrate that: (1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.  *See* 42 U.S.C. § 12132; *Turner v. Hershey Chocolate U.S.*, 440 F.3d 604, 611 (3d Cir. 2006).  The Rehabilitation Act imposes the additional requirement that plaintiff demonstrate the public entity receives Federal funds.  *See* 29 U.S.C. § 794(a).

### 1. SEPTA Receives Federal Funds.

SEPTA receives federal funding for many of its activities and is subject to the terms of the Rehabilitation Act.  *See Disabled in Action v. SEPTA*, 539 F.3d 199, 202 (3d Cir. 2008).

### 2. Plaintiff Is Not a Qualified Individual With a Disability.

Under the ADA, a "qualified individual with a disability" is

> an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

42 U.S.C. § 12131(2).

The ADA defines a "disability" as: (1) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (2) a

5

record of such an impairment; or (3) being regarded as having such an impairment. 42 U.S.C. § 12102(2). To establish a disability under the ADA, a plaintiff must initially prove that he has a physical or mental impairment. *Toyota Motor Mfg., Ky. v. Williams*, 534 U.S. 184, 195 (2002). However, "[m]erely having an impairment does not make one disabled for purposes of the ADA." *Toyota Motor*, 534 U.S. at 195. The impairment must substantially limit a major life activity. *See* 42 U.S.C. § 12102(2)(A); *Fiscus v. Wal-Mart Stores, Inc.*, 385 F.3d 378, 382 (3d Cir. 2004).

A temporary, non-chronic impairment of short duration is not a disability within the meaning of the Acts. *Rinehimer v. Cemcolift*, 292 F.3d 375, 380 (3d Cir. 2002); *McDonald*, 62 F.3d at 95-96 ("Intermittent, episodic impairments are not disabilities, the standard example being a broken leg."); *Stiles v. Synchronoss Techs., Inc.*, No. 07-1923, 2008 U.S. Dist. LEXIS 61565 (E.D. Pa. Aug. 12, 2008) (flu/pneumonia and a broken ankle are temporary and not disabilities).

Even under the liberal standards applicable to *pro se* complaints, plaintiff's allegations do not present a claim for which this court can grant relief. Plaintiff's amended complaint does not contain sufficient factual allegations to provide a basis for finding that he has a "disability" under the ADA. The only factual allegation in plaintiff's amended complaint concerning his disability is that he was recovering from a prior car accident and suffered pain in his side and back. (Paper no. 17, p. 2). The precedents from our Court of Appeals hold that such injuries do not qualify as disabilities. *See Rinehimer*, 292 F.3d at 380; *McDonald*, 62 F.3d at 96.

The amended complaint contains no other details about plaintiff's physical or mental condition. Plaintiff does not explain what his disability is, or state that he is limited in his life activities in any way, except in his alleged need to use the gate rather than "force [his] way [through] the turn stile."

The exhibit attached to the amended complaint—a letter from Garret Pain & Rehabilitation (which would constitute inadmissible hearsay at trial) describing the

details of a car accident in late 2008 and diagnosis and treatment received by plaintiff until January 2009—sheds no light on those questions and, in fact, tends to show that plaintiff was *not* disabled at the time of the incident. The letter describes plaintiff's progress over two months of treatment, and reports that plaintiff was last seen on January 5, 2009, when he said, "Low back is getting better, not much pain today."

Even assuming plaintiff suffered some exclusion, denial of benefits, or discrimination, it cannot have been on the basis of a disability, because plaintiff has not stated a disability under the Acts. Plaintiff fails to satisfy the first and third prongs of the ADA test and the requirements of the Rehabilitation Act.

### 3. SEPTA Did Not Discriminate Against Plaintiff.

Plaintiff must allege that he was excluded from participation in, denied the benefits of, or subject to discrimination in accessing SEPTA's services. The Acts define discrimination to include "a failure to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford such . . . accommodations to individuals with disabilities." 42 U.S.C. § 12182(b)(2)(A) (defining discrimination under the ADA); *Spieth v. Bucks County Housing Authority*, 594 F. Supp. 2d 584, 590 (E.D. Pa. 2009) (noting Congress has directed that the ADA and Rehabilitation Act "be construed and applied consistently"). There is no allegation in the amended complaint that transportation services or benefits were intentionally withheld from plaintiff or that he was treated differently by SEPTA because of a disability. Plaintiff fails to satisfy the second prong of the ADA test and the requirements of the Rehabilitation Act.

### 4. Plaintiff Has Not Stated a Claim Entitling Him to Damages.

To have a claim for money damages under the Acts, the plaintiff must have alleged intentional discrimination. *See, e.g., McCree v. SEPTA,* No. 07-4908, 2009 U.S. Dist. LEXIS 4803, 2009 WL 166660 (E.D. Pa. Jan. 22, 2009); *Meadows v. Hudson Cty. Bd. of Elections*, No. 04-3979, 2006 U.S. Dist. LEXIS 64050, 2006 WL 2482956, at *10 (D.N.J. Aug.

24, 2006); *Douris v. Bucks Cty. Off. of Dist. Atty.*, 2004 U.S. Dist. LEXIS 12769, 2004 WL 1529169, at *5 n.7 (E.D. Pa. 2004), *aff'd*, 150 Fed. App'x 113 (3d Cir. 2005). Plaintiff has not alleged facts supporting an inference that the attendant acted intentionally, or that the attendant acted by reason of plaintiff's alleged disability. Because plaintiff has failed to allege intentional discrimination, he is not entitled to compensatory damages under the ADA or Rehabilitation Act. Plaintiff has not asked for any other damages.

Plaintiff's claims under the ADA and Rehabilitation Act are without merit and the amended complaint will be dismissed.

### C. *Res Judicata* and Defendant's Request for a More Definite Statement

Because we find that plaintiff has failed to state a claim under either the ADA or the Rehabilitation Act, we need not reach defendant's claim that *res judicata* bars plaintiff's amended complaint, or its request for a more definite statement under Fed.R.Civ.P. 12(e). However, we note that plaintiff's 2008 state court action against SEPTA has no preclusive effect on the action before this court, despite any similarities in the circumstances alleged. The events pleaded in that action occurred prior to plaintiff's 2008 car accident, and that complaint contained no allegations of disability.

Nor does plaintiff's current complaint before Delaware County Court of Common Pleas, at No. 09-001887, preclude plaintiff's case, because the state court has not ruled on the merits of plaintiff's claims. Where there is simultaneous litigation in state and federal court, "both actions may proceed until one has come to judgment, at which point that judgment may create a *res judicata* or collateral estoppel effect on the other action." *University of Md. v. Peat Marwick Main & Co.*, 923 F.2d 265, 275-76 (3d Cir. 1991).

### D. Leave to Amend Will Not Be Granted.

A possibly meritorious claim should not be precluded because of a defect in the pleadings, and leave to amend should be granted in cases where a complaint is

8

dismissed for failure to state a claim unless doing so would be futile. *In re Burlington Coat Factory Litig.*, 114 F.3d 1410, 1434-35 (3d Cir. 1997). However, a court need not grant leave to amend in cases where the plaintiff has failed to state a claim after repeated attempts, or would be unable to make out a cognizable claim even if the facts were stated with greater particularity. *Id.* at 1435. An amendment cannot cure the legal conclusions that plaintiff has not stated a disability under the law, did not suffer discrimination, and is not entitled to damages under the Acts, and leave to amend will not be granted.

## III. CONCLUSION

Plaintiff has failed to state a claim for relief under either the ADA or Section 504 of the Rehabilitation Act, and the amended complaint will be dismissed with prejudice. An appropriate order will issue.